Leona McCULLEY, Plaintiff,

v.

Chief Judge Robert CHATIGNY and Magistrate Judge Donna Martinez Defendants.

No. 3:05CV1146(MRK).

United States District Court, D. Connecticut.

Sept. 12, 2005.

Leona McCulley, Stamford, CT, pro se.

## MEMORANDUM OF DECISION

KRAVITZ, District Judge.

The Plaintiff, Leona McCulley, brings this action *pro se* and *in forma pauperis*, alleging a violation of her civil rights. The Defendants are two Connecticut federal judges—Chief Judge Robert N. Chatigny and Magistrate Judge Donna F. Martinez—who are sued in both their official and individual capacities for their rulings on motions in a previous lawsuit filed by Ms. McCulley. *See* Compl. [doc. # 3]. Ms. McCulley seeks punitive and compensatory damages, and a "full investigation of the Activities [sic] on [sic] Judge Chatigny And [sic] Magistrate." *Id.* at 7. Ms. McCulley has also asked the Court to appoint counsel. *See* Motion for Appointment of Counsel [doc. # 5].

Because rulings by judges on motions before them are unquestionably acts performed in the course of judicial duties, Ms. McCulley's claim for damages against Chief Judge Chatigny and Magistrate Judge Martinez in their official capacities must be dismissed for lack of jurisdiction on the basis of sovereign immunity. In addition, her claim for damages against the judges in their individual capacities must be dismissed on the grounds of absolute judicial immunity. Finally, Ms. McCulley's request for an order instigating a full investigation into the activities of Defendants is denied because it is not supported by any facts in the record and is in any event beyond the authority of this Court. Accordingly, the Court *sua sponte* DISMISSES the Complaint [doc. # 3], and DENIES AS MOOT Ms. McCulley's Motion for Appointment of Counsel [doc. # 5].

## I.

In 1999, Ms. McCulley, again acting *pro se*, brought a Title VII action against her former employer, alleging race and sex discrimination arising from a failure to promote her and a retaliation claim relating to a failure to pay her short-term disability benefits and defendant's decision to terminate Ms. McCulley's employment. Ms. McCulley's former employer moved for summary judgment. *See McCulley v. Southern Connecticut Newspapers, Inc.,* 98 F.Supp.2d 216, 218 (2000). The motion was referred to Magistrate Judge Martinez, who issued a Recommended Ruling, which recommended granting summary judgment to the defendant on Ms. McCulley's failure to promote claim, but denying summary judgment on her retaliation claims. *See generally id.* After review and absent objection, then-Judge, now Chief Judge, Chatigny approved and adopted Magistrate Judge Martinez' Recommended Ruling. Thereafter, defendant asked Judge Chatigny to reconsider his order approving and adopting Magistrate Judge Martinez' Recommended Ruling. Ms. McCulley objected to defendant's motion for reconsideration on the grounds that it was untimely. Nonetheless, Judge Chatigny granted the motion for reconsideration and granted defendant summary judgment on all of Ms. McCulley's claims. *See* Ruling and Order dated March 2, 2001, unlabeled exhibit attached to Pl.'s Compl. [doc. # 3].[1] Ms. McCulley then appealed Judge Chatigny's order and, in what to her is a cruel irony, her appeal was dismissed as untimely by the Second Circuit.

Almost four years after the dismissal of her appeal, Ms. McCulley filed the present suit, the crux of which appears to be that her civil rights were violated when Judge

---

1. Ms. McCulley has attached defendant's motion for reconsideration, Judge Chatigny's ruling and the Second Circuit's dismissal of her appeal as unlabeled exhibits to her Complaint.

Chatigny granted summary judgment to the defendant on the basis of an untimely motion for reconsideration. Ms. McCulley was also granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Order Granting Leave to Proceed *In Forma Pauperis* [doc. # 2].

## II.

■■■ Under 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious, ... fails to state a claim on which relief may be granted; or ... seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). An action is "frivolous" within the meaning of § 1915(e)(2)(B)(i) "when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory ... [i.e.,] either the claims lacks an arguable basis in law or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Bev. Co.*, 141 F.3d 434, 437 (2d Cir.1998) (internal quotations and citations omitted). "However, since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [the court] must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than ... when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139–40 (2d Cir.2000) (internal quotation marks,

citations and footnote omitted). Dismissal of the complaint is only appropriate if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir.2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Furthermore, the Second Circuit has recently emphasized that "*pro se* litigants ... cannot be expected to know all of the legal theories on which they might ultimately recover. It is enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir.2005). It is up to the district court to determine what claims a *pro se* plaintiff's complaint could raise, and in doing so, "the court's imagination should be limited only by [the plaintiff]'s factual allegations, not by the legal claims set out in his pleadings." *Id.*

## III.

■■■ As explained above, Ms. McCulley's claim in this action is founded on her allegation that her civil rights were violated when Judge Chatigny granted summary judgment to the defendant in her employment discrimination lawsuit on the basis of what she believes was an untimely motion for reconsideration.[2] A suit against a federal judge in her official capacity for actions taken by her in connection with her judicial duties is a suit against the United States. *See Robinson*

---

**2.** It is not entirely clear how Ms. McCulley believes that Magistrate Judge Martinez was involved in the allegedly erroneous decision to grant the motion for reconsideration, given that Judge Chatigny had previously vacated his standing referral to Judge Martinez of all pretrial matters "to the extent that it applies to Defendant's motion for Reconsideration." Order Vacating Referral, unlabeled *exhibit* attached to Compl. [doc. # 3]. Judge Chatig-

ny's order was apparently responsive to a letter from Ms. McCulley "asking that Magistrate Martinez and Attorney O'Leary be taken off the case. I believed that they both were involved in misconduct." Compl. [doc. # 3] at 3. Ms. McCulley's complaint contains no further details of this alleged misconduct, which does not form the basis of her present action.

v. *Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994). As sovereign, the United States is immune to suit for damages for alleged constitutional torts unless the Government explicitly waives that immunity. *See, e.g., Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 374 (2d Cir.1999) ("It is well established that in any suit in which the United States is a defendant, a waiver of sovereign immunity with respect to the claim asserted is a prerequisite to subject matter jurisdiction."). Ms. McCulley does not plead a waiver and the Court is not aware of any waiver that would permit her to sue Judge Chatigny and Magistrate Judge Martinez in their official capacities for actions taken in connection with the performance of their judicial duties. Accordingly, Ms. McCulley's official capacity claims must be dismissed for lack of jurisdiction.

█ Federal judges are also absolutely immune from individual capacity claims for damages when those claims arise out of the conduct of their official judicial duties. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Even though Ms. McCulley asserts that Judge Chatigny ruled on a motion for reconsideration that was untimely filed, and thus purportedly without subject matter jurisdiction, this allegation is insufficient to strip the judges of their absolute immunity because "[i]f judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 13, 112 S.Ct. 286 (internal quotation omitted); *see also Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir.1997) (a judge "will be subject to liability only when he [or she] has acted in the *clear absence of all jurisdiction* ")(quotation and citation omitted) (emphasis in original). Similarly, Ms. McCulley's unfocused allegations of improper

motive are insufficient to abrogate the judges' absolute immunity because a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

█ If Ms. McCulley believed that the judges acted in error or improperly, her remedies were to appeal the allegedly erroneous rulings or file a complaint under 28 U.S.C. § 351. Ms. McCulley has demonstrated that she is aware of both her appeal and complaint remedies, since she filed an appeal, albeit untimely, and she included with her filings in this lawsuit a completed but unnotarized § 351 complaint form, styled as "Supporting Documents To Complaint." *See* Unlabeled exhibit attached to Pl.'s Compl. [doc. # 3]. Although Ms. McCulley may feel that the judicial process has let her down, absolute judicial immunity from damages suits is essential in order that judges may perform their judicial work impartially and without fear of retribution from disappointed litigants. *See Mireles*, 502 U.S. at 10, 112 S.Ct. 286 ("It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.").

## IV.

For the foregoing reasons, Ms. McCulley's Complaint [doc. # 3] is DISMISSED with prejudice. Accordingly, Ms. McCulley's Motion for Appointment of Counsel [doc. # 5] is DENIED as moot. **The Clerk is directed to close this file.**

IT IS SO ORDERED.