**Betty L. MONTI**

v.

**Robert McKEON, D.D.S.**

**Civ. No. H 79–423.**

United States District Court, D. Connecticut.

Dec. 21, 1984.

Betty L. Monti, pro se.

Eugene A. Cooney, John T. Scully, Cooney, Scully & Dowling, Hartford, Conn., for defendant.

## RULING ON PLAINTIFF'S REQUEST TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

JOSÉ A. CABRANES, District Judge:

In this dental malpractice action, a jury verdict was returned for the defendant on June 13, 1984. The plaintiff filed a Notice of Appeal on August 31, 1984 and now seeks to proceed on appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915. The plaintiff also seeks to have the trial record transcribed at government expense. *See* Plaintiff's Request to Proceed on Appeal In Forma Pauperis (filed Nov. 29, 1984). In ruling on this motion, the court has considered the attachments to the plaintiff's motion, including her Affidavit in Support of Motion to Proceed In Forma Pauperis ("Affidavit"), and the memoranda subsequently filed by both parties.

The decision to grant or deny leave to proceed *in forma pauperis* is within the sound discretion of the court. *United States v. Jeff-Lewis Savings & Loan Association*, 530 F.Supp. 623, 628 (N.D.N.Y.1982); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir.), *cert. denied*, 419 U.S. 1090, 95 S.Ct. 683, 42 L.Ed.2d 683 (1974). A motion to proceed on appeal pursuant to 28 U.S.C. § 1915 must be filed with the district court, Fed.R.App.P. 24(a), and accompanied by an affidavit demonstrating the movant's inability "to pay fees and costs or to give security therefor." *Id.;* 28 U.S.C. § 1915(a). The allegations contained in the affidavit concerning the movant's financial status typically are accepted at face value. 10 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2673, at 251–252 (2d ed. 1983). However, the court may inquire into such allegations and demand more specific information if necessary for a proper assessment of the movant's financial status. *Zaun v. Dobbin*, 628 F.2d 990, 992–993 (7th Cir.1980).

Defendant contends that the Affidavit is insufficient proof of the plaintiff's ability to pay or give security for costs. He argues that since the plaintiff testified at trial that she is supported by her spouse,

the Affidavit should state her spouse's income and holdings, if any. *See* Defendant's Brief in Opposition to Motion to Proceed *In Forma Pauperis* and in Support of Dismissal (filed Nov. 29, 1984) at 3–4.[1] Defendant correctly notes that in ruling on motions to proceed *in forma pauperis,* other courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant. *See Williams v. Spencer,* 455 F.Supp. 205, 209 (D.Md.1978) ("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on a litigant's actual ability to get funds from a spouse ....."); *Cross v. General Motors Corp.,* 721 F.2d 1152, 1159 (8th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 2364, 80 L.Ed.2d 836 (1984).

■ The purpose of 28 U.S.C. § 1915 is to insure that litigants will not be deprived of access to the judicial system because of their financial circumstances. *Harlem River Consumers Cooperative, Inc. v. Associated Grocers of Harlem, Inc.,* 71 F.R.D. 93, 96 (S.D.N.Y.1976). If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts. Where funds to pursue an appeal are readily available to a plaintiff, she should not be permitted to maintain an appeal at the taxpayers' expense.

■ In any event, the Affidavit is insufficient as a matter of law because of its internal inconsistencies. As previously noted, the Affidavit contains no reference to the income earned by the plaintiff's spouse. It nevertheless includes among the plaintiff's expenses several items that clearly were incurred by the plaintiff's spouse. *See* Affidavit ¶ 6, at 2 (travel and living expenses of plaintiff's spouse). It is noteworthy that the plaintiff's spouse is not listed as a dependent of the plaintiff. *See* Affidavit ¶ 5, at 1. In any event, the plaintiff may not rely in the Affidavit on expenses incurred by her spouse while omitting his income.

For the reasons stated above, the plaintiff's Request to Proceed on Appeal In Forma Pauperis (filed Nov. 29, 1984) is denied, without prejudice to reconsideration upon the filing of a motion accompanied by an affidavit consistent with this ruling.

It is so ordered.

---

1. By a motion filed November 29, 1984, defendant sought to have this court dismiss the plaintiff's appeal as frivolous in accordance with 28 U.S.C. § 1915(d). This motion was denied by endorsement. Section 1915(d) does not authorize a district court to dismiss as frivolous an appeal from its own ruling.