**Lawrence HODGES, Plaintiff–Appellant,**

v.

**Guy MANGANO, Myriam J. Altman, William D. Friedmann, Leo F. McGinty, and Fred T. Santucci, in their official capacity; and Steven A. Feldman, in his individual and official capacity, Defendants–Appellees.**

**Docket No. 01–7159.**

United States Court of Appeals, Second Circuit.

Jan. 28, 2002.

Lawrence C. Hodges, Coxsackie, NY, pro se.

Present JACOBS, PARKER and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Lawrence C. Hodges, *pro se, in forma pauperis,* and incarcerated, appeals the district court's *sua sponte* dismissal for failure to state a claim of his 42 U.S.C. § 1983 complaint.

In the district court, Hodges alleged that he was deprived of his constitutional rights to Due Process and Equal Protection by state court judges Guy James Mangano, Myriam J. Altman, William D. Friedman, Leo F. McGinty, and Fred T. Santucci ("the judicial defendants"), acting in their official capacities, and by Hodges' lawyer, Steven A. Feldman, acting in his official and individual capacities. The case arose out of the judicial defendants' dismissal of Hodges' state court motion for vacatur of his burglary conviction (pursuant to New York Criminal Procedure Law § 440.10(1)(h)).

It was Hodges' contention before the district court that the judicial defendants intentionally failed to conform with certain statutory requirements. Additionally, Hodges claimed that Feldman had provided ineffective assistance of counsel and was therefore liable under § 1983. Hodges asked the district court for (i) a permanent injunction enjoining the judicial defendants from further violating his rights, (ii) damages from Feldman, and (iii) court costs accrued in pursuit of the § 1983 claim. The district court denied relief, concluding: (1) that the judicial defendants were absolutely immune from suit for judicial acts performed in their official capacities; and (2) that Feldman was not a state actor and was therefore not amenable to suit under § 1983.

On appeal, Hodges challenges only the first ruling, arguing (1) that judicial immunity is not an absolute bar to injunctive relief; and (2) that we should enter a default judgment in his favor and impose sanctions against the judicial defendants because they failed to submit a formal appellate brief. We affirm the district

court's dismissal and decline to impose sanctions.

1. We review a district court's *sua sponte* dismissal of a complaint *de novo*, *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir.2001), and we read a plaintiff's *pro se* complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ Section 1983 suits for damages are absolutely barred against judicial actors for actions performed in their official capacities. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Moreover, under the 1996 Federal Courts Improvement Act, injunctive relief cannot be granted against a judicial actor *"unless* a declaratory decree was violated or declaratory relief was unavailable" or *unless* the judge's conduct was "clearly in excess" of the judge's jurisdiction. Federal Courts Improvement Act of 1996, 104–317, § 309, at (emphasis added). Hodges neither alleges that a declaratory order was violated nor that declaratory relief was unavailable; and it is obvious that the judges' dismissal of Hodges' § 440.10(1)(h) motion was within their authority.

■ 2. We will not enter sanctions or a default judgment against judicial defendants. We find that they complied with our scheduling order by having a letter filed by the New York State Attorney General's Office, which explained that the office lacked authority to appear on behalf of the defendants because service of the complaint was not effected prior to the district court's *sua sponte* dismissal of the action.

The judgment of the United States District Court for the Eastern District of New York is hereby affirmed.