Louis CONWAY, Plaintiff–Appellant,

v.

Hon. Margaret GARVEY, Family Court of the NYS, County of Rockland County Office Building New City New York 10956, County of Rockland, Richard Feinberg, Jennifer Williams, Dept. of Probations, Allison–Parris County Office Building, Gail Golden, Volunteer Counseling Service Inc., Defendants–Appellees.

No. 04–0174–PR.

United States Court of Appeals, Second Circuit.

Dec. 6, 2004.

Louis Conway, West Nyack, N.Y., for Appellant, pro se.

Patrick M. Murphy, McCabe, Collins, McGeough & Fowler, Mineola, N.Y. (on submission)., for Defendants–Appellees.

PRESENT: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

In October 2003, Plaintiff–Appellant Louis Conway ("Conway") filed a *pro se* complaint against a number of individuals ("defendants") on a range of issues arising in connection with child custody proceedings in family court and related counseling sessions, which were ordered by the family court judge.

The district court (Chin, *J.*) dismissed all of Conway's federal claims over which it had original jurisdiction and declined to exercise supplemental jurisdiction over any remaining state law claims. On appeal, Conway argues that the district court erred in dismissing his complaint, which he insists raised non-frivolous claims, and that the court should, at the very least, have allowed him to amend his complaint.

We affirm for substantially the reasons stated by the district court. We note, moreover, that although the district court did not specifically address Conway's request for injunctive relief against one of the defendants, a state court judge, this claim, absent any showing that the defendants violated a declaratory decree or that declaratory relief was unavailable, is unavailing. *See* 42 U.S.C. § 1983; Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, § 309(c), 110 Stat. 3847, 3853; *see also Hili v. Sciarrotta,* 140 F.3d 210, 215 (2d Cir.1998) ("Congress amended § 1983 to bar injunctive relief 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'") (quoting 42 U.S.C. § 1983).

We have considered all of Conway's arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.