RONALD PATTERSON *v.* TRAVELERS CASUALTY AND SURETY COMPANY ET AL.
(AC 27720)

Bishop, Harper and Foti, Js.

Argued October 18—officially released December 11, 2007

*Ronald Patterson*, pro se, the appellant (plaintiff).

*Bradford R. Carver*, for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff, Ronald Patterson, appeals from the judgment of the trial court in favor of the defendants, Travelers Casualty & Surety Company (Travelers) and Paul Lewis. On appeal, the plaintiff claims that the court improperly (1) opened a default against Travelers and (2) directed a verdict in favor of Travelers and Lewis.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. In April, 2004, the plaintiff commenced this pro se action against Boce W. Barlow, Jr., and Lewis, alleging breach of fiduciary duty in their capacity as executors of the estate of the plaintiff's grandfather, Quitman Butler. The plaintiff also sought to recover against Travelers as surety on a probate bond issued to Barlow. Prior to the start of trial in April, 2006, Barlow died. The court, *Tanzer, J.*, relying on General Statutes §§ 52-599 and 52-600, informed the parties that the court could not proceed with any claims as to Barlow until his estate was brought into the action by the plaintiff but that the action could move forward as to the remaining defendants.[2]

On June 15, 2005, Travelers did not appear for a pretrial conference and a default was entered against it. On July 11, 2005, prior to a hearing in damages that

---

[1] The plaintiff also alleges that the court improperly struck the case from the hearing in damages list. This claim is subsumed in the first issue and is also without merit.

[2] Barlow's estate was substituted as a party after judgment was rendered and after this appeal was filed. Issues raised as to Barlow are not properly before us.

had been scheduled, the court, *Bryant, J.*, granted Travelers' motion to open the default. Travelers' motion indicated that it had not received a copy of the pretrial notice.

The matter was tried to the jury as to the two remaining defendants, Travelers and Lewis. At the conclusion of the plaintiff's case, the defendants moved for a directed verdict, which Judge Tanzer granted. The court determined that the plaintiff's claims were barred by the statute of limitations and by the doctrine of res judicata.[3] On May 16, 2006, the plaintiff filed this appeal.[4]

I

The plaintiff first claims that Judge Bryant improperly set aside or opened the default against Travelers. We disagree.

"We review a court's ruling on a motion to set aside a default under the abuse of discretion standard. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) *Merritt* v. *Fagan*, 78 Conn. App. 590, 593, 828 A.2d 685, cert. denied, 266 Conn. 916, 833 A.2d 467 (2003).

In the present case, the motion to open the default is governed by Practice Book § 17-42 because the

---

[3] A decree by the Probate Court for the district of Hartford, dated December 19, 1994, was concluded to be a final judgment from which the plaintiff failed to appeal.

[4] The court also found that the plaintiff had failed to present sufficient evidence to sustain his claim of fraud. In his complaint, the plaintiff alleged that Lewis fraudulently acted as trustee of Butler's estate for at least ten years. The plaintiff claimed that Lewis had never been authorized to act as trustee and failed to post a surety bond with Travelers or any other surety company for the time he served as trustee. Because we affirm the judgment on the basis of res judicata, we do not reach this claim.

default was entered prior to final judgment. See *Blue Cross/Blue Shield of Connecticut, Inc.* v. *Gurski*, 49 Conn. App. 731, 733, 715 A.2d 819, cert. denied, 247 Conn. 920, 722 A.2d 809 (1998). Section 17-42 provides in relevant part: "A motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shown . . . ."

The court found that Travelers' failure to receive notice constituted good cause for its nonappearance.[5] We conclude, therefore, that the court did not abuse its discretion in granting the motion to set aside or to open the default.

## II

The plaintiff next claims that Judge Tanzer improperly directed a verdict in favor of Travelers and Lewis. We disagree.

Our standard for reviewing a challenge to a directed verdict is well settled. "Generally, litigants have a constitutional right to have factual issues resolved by the jury. . . . Directed verdicts [therefore] are historically not favored and can be upheld on appeal only when the jury could not have reasonably and legally reached any other conclusion. . . . We review a trial court's decision to direct a verdict for the defendant by considering all of the evidence, including reasonable inferences, in the light most favorable to the plaintiff. . . . A verdict may be directed where the decisive question is one of law or where the claim is that there is insufficient evidence to sustain a favorable verdict." (Internal quotation marks omitted.) *Beale* v. *Yale-New Haven Hospital*, 89 Conn. App. 556, 565–66, 874 A.2d 259 (2005).

---

[5] The plaintiff argues that the default could not be opened because the matter was not filed within four months, as required by Practice Book § 17-4. Section 17-4 applies to judgments and not a default on which a judgment has not yet been rendered.

The record discloses that on December 19, 1994, the final accounting was approved by the Probate Court for the district of Hartford, which rendered a final decree terminating the fiduciary's obligation. No appeal was filed. Therefore, the Probate Court's order is no longer subject to attack.

"All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud." General Statutes § 45a-24. Because the Probate Court determined that the fiduciary complied with his obligations and terminated the bonds, res judicata acts as a bar to further litigation absent a timely appeal, which, in the present case, was not filed by the plaintiff.

The judgment is affirmed.