Ronald PATTERSON, Plaintiff.

v.

Chase RODGERS, Chief Justice of the Supreme Court; Fleming L. Norcott, Jr., Associate Justice of the Supreme Court; Richard N. Palmer, Associate Justice of the Supreme Court; Christine S. Vertefeuille, Associate Justice of the Supreme Court; Peter T. Zarella, Associate Justice of the Supreme Court; C. Ian McLachan, Associate Justice of the Supreme Court; Joseph P. Flynn, Former Chief Appellate Justice of Connecticut Appellate Court; Thomas A. Bishop, Appellate Judge of the Connecticut Appellate Court; Lubbie Harper, Appellate Judge of the Connecticut Appellate Court; Paul Foti, Appellate Judge of the Connecticut Appellate Court; Lois Tanzer, Trial Court Judge of the Hartford Superior Court; Vanessa L. Bryant, Presiding Trial Court Judge of Hartford (now) U.S. District Judge, District of

---

Connecticut; Robert Killian, Jr., Hartford Probate Judge; Travelers Casualty & Surety Company; Boce W. Barlow, Jr., Esquire; Bradford R. Carver, Esquire; Paul Lewis, Esquire, Defendants.

No. 3:10–CV–579 (CSH).

United States District Court,
D. Connecticut.

April 28, 2010.

Ronald Patterson, Hartford, CT, pro se.

## MEMORANDUM AND ORDER

HAIGHT, Senior District Judge:

Plaintiff Ronald Patterson (hereinafter "Plaintiff") has brought this action for violation of his civil rights under 42 U.S.C. § 1983 against thirteen judges, three attorneys, and a corporation. Specifically, Plaintiff alleges that each of the thirteen judges violated his Fourteenth Amendment rights by acting "under color of law" in their capacity as judges when issuing adverse rulings in state-court actions regarding his great-grandfather's estate. He also claims that two attorneys who served as executors of that estate breached their fiduciary duties in its administration. Lastly, he alleges that the corporate defendant and its attorney engaged in fraudulent conduct in state-court litigation regarding probate bonds issued on the aforementioned estate.

■ Pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.[1] The decision to grant or deny leave to proceed *in forma pauperis* is "within the sound discretion of the court." *Monti v. McKeon*, 600 F.Supp. 112, 113 (D.Conn. 1984) (citing *United States v. Jeff–Lewis Savings & Loan Association*, 530 F.Supp. 623, 628 (N.D.N.Y.1982); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir.), *cert. denied*, 419 U.S. 1090, 95 S.Ct. 683, 42 L.Ed.2d 683 (1974)). A motion to proceed *in forma pauperis* must be filed with the district court and accompanied by an affidavit demonstrating the movant's inability "to pay fees and costs or to give security therefor." 28 U.S.C. § 1915(a). The Court herein evaluates the basis for Plaintiff's motion to determine whether it should be granted.

## I. DISCUSSION

### A. Deficiencies in Plaintiff's Affidavit

■ The Court notes at the outset that Plaintiff has failed to include all requested financial information in the affidavit appended to his motion. Specifically, he has failed to provide the amount of "last salary or wages received" from his last employer. Doc. # 1, p. 3. As Plaintiff's prior employment terminated in October of 2007, the omitted information does not appear to significantly impact Plaintiff's ability to pay the costs of filing this action. This deficiency is not, therefore, fatal to granting the motion. *See, e.g., Fuentes v. Conway*, No. 3:09mc97 (WIG), 2009 WL 1043905, at *1 (D.Conn. March 27, 2009)

---

1. The relevant provision of 28 U.S.C. § 1915 provides:

 (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

 28 U.S.C. § 1915(a)(1).

(*in forma pauperis* motion granted despite movant's discrepancies on financial affidavit where discrepancies had no significant impact on movant's ability to pay). The inquiry does not, however, end there.

■ Plaintiff has also failed to provide an actual list of the cases he previously filed in this District, including case numbers, captions, and dispositions—despite the fact that the application form specifically requires this information. Plaintiff has written, "see attach[ed]" and then signed the declaration under penalty of perjury that the foregoing is true and correct to the best of his knowledge and belief. In fact, Plaintiff has not attached a list of cases even though he is a frequent *pro se* filer in this District, having filed eighteen lawsuits over the past twenty-two years.[2]

As Magistrate Judge Garfinkel of this District noted in *Burke v. State of Connecticut Judge Patchen*, No. 3:08mc118(WIG), 2008 WL 1883923, at *1 (D.Conn. April 28, 2008):

> While this **information concerning prior lawsuits** is particularly relevant in prisoner cases because of the "three strikes" rule, 28 U.S.C. § 1915(g), it **is also relevant in non-prisoner cases for purposes of ascertaining whether there are related cases or whether a plaintiff is abusing his in forma pauperis status by filing multiple, frivolous lawsuits.** The Court has not found any case that has denied a non-prisoner in forma pauperis status based solely on his failure to answer questions regarding prior lawsuits. Nevertheless, the Court cautions Plaintiff that his continued blatant omission of this information will not be tolerated.

2008 WL 1883923, at *1 (emphasis added). Having examined the cases previously filed by Plaintiff in this District, the Court finds that they are unrelated, dissimilar both in nature and content from the action at hand. The Court cautions Plaintiff that henceforth he must comply with providing all required information when filing submissions with the Court, but does not deny his motion on that basis.

### B. *Mandatory Dismissal under 28 U.S.C. § 1915(e)*

■ The Court must next assess Plaintiff's *in forma pauperis* motion by conducting a screening to determine whether Plaintiff's Complaint sets forth any viable claims. Section 1915, the very statute that authorizes this Court to grant *in forma pauperis* status, also protects against abuses of that privilege. Section 1915(e) thus mandates that the Court "shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be

---

2. These cases include the following: *Patterson v. Intercoast Mgmt. Hfd. et al.*, No. 2:88–cv–00874 (AHN); *Patterson v. Intercoast Mgmt. Of Hartford, Inc., et al.*, No. 2:89–cv–00773 (AHN); *Patterson v. Foxwoods Resort, et al.*, No. 3:00–cv–01308 (DJS); *Patterson v. Travelers Casualty, et al.*, No. 3:00–mc–00628 (CFD); *Patterson v. Travelers Casualty, et al.*, No. 3:02–cv–00951 (CFD); *Patterson v. Food Group LLC*, 3:02–cv–01137 (JCH); *Patterson v. Food Group LLC*, 3:02–mc–00203 (JCH); *Patterson v. Interstate Mgmt. Co., et al.*, 3:03–cv–01137 (AWT); *Patterson v. Interstate Mgmt. Co., et al.*, No. 3:03–mc–00245 (TPS); *Patterson v. Max Catering LLC*, No. 3:04–cv–00594 (JBA); *Patterson v. Max Catering LLC*, No. 3:04–mc–00168 (TPS); *Patterson v. PEH I LP, et al.*, No. 3:05–cv–01138 (JCH); *Patterson v. PEH I LP, et al.*, 3:05–mc–00216 (DFM); *Patterson v. Regis Corp.*, No. 3:06–cv–02021 (CFD); *Patterson v. Regis Corp.*, No. 3:06–mc–00346 (TPS); *Patterson v. Waterford Hosp. [Hotel] Group, Inc.*, 3:09–cv–00926 (JBA); *Patterson v. Waterford Hosp. [Hotel] Group*, No. 3:09–mc–00170 (DFM); and *Patterson v. Sheraton–Htfd. Corp., et al.*, No. 3:95–cv–00270 (AHN).

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." [3] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see, e.g., Johnson v. U.K. Government*, No. 3:07–CV–106 (JCH), 2007 WL 4522458, at *1 (D.Conn. Dec. 18, 2007) ("When a plaintiff proceeds *in forma pauperis*, his lawsuit is subject to dismissal 'at any time if the court determines ... that the action is frivolous or malicious,' 28 U.S.C. § 1915(e)(2)(B)(i), or if the court determines that the lawsuit 'fails to state a claim upon which relief may be granted.'") (citations omitted).

■ An action is considered "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.1990) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989)). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir.1990) (*per curiam*), or a dispositive defense clearly exists on the face of the complaint, *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir.1995).

■ In reviewing the complaint to determine whether it states a viable claim, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir.2000) (citing *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999)). Dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is then only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 597 (internal quotation marks and citation omitted). A district court is duty bound to dismiss the complaint upon reaching the conclusion that it fails to state a claim upon which relief may be granted. *Cruz v. Gomez*, 202 F.3d at 596 (§ 1915(e) provides that "dismissal for failure to state a claim is mandatory").[4]

■ In analyzing whether Plaintiff's claims are "frivolous," "fail to state a claim upon which relief may be granted," or barred by immunity, the Court necessarily determines whether it has subject matter jurisdiction over the action. A federal court has limited jurisdiction pursuant to Article III of the Constitution. In order for this Court to exercise subject matter jurisdiction, Plaintiff must set forth a colorable claim under the Constitution or federal statute, creating "federal question" jurisdiction. 28 U.S.C. § 1331.[5] Otherwise, there must be complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy must exceed $75,000. *Id.* § 1332(a);[6]

---

**3.** A complaint is deemed "frivolous" under § 1915 if it "lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1830–31, 104 L.Ed.2d 338 (1989).

**4.** *See also Boderas v. Ford*, No. 3:05CV1242 (CFD), 2006 WL 3318073, at *1–2 (D.Conn. Nov. 15, 2006) (applying § 1915(e)(2)(B)(i) to dismiss § 1983 claim as "frivolous"); *Cruz v. Superior Court Judges*, No. 3:04CV1103 (CFD), 2006 WL 547930, at *1–2 (D.Conn. Mar. 1, 2006) (same); *Taylor v. Morano*, No.

3:05CV288(DJS), 2005 WL 2848500, at *3–4 (D.Conn. Oct. 25, 2005)(same).

**5.** "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**6.** "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

*Strawbridge v. Curtiss,* 7 U.S. 267, 267–68, 3 Cranch 267, 2 L.Ed. 435 (February Term 1806). *See also Da Silva v. Kinsho International Corp.,* 229 F.3d 358, 363 (2d Cir. 2000) (identifying and discussing two categories of subject matter jurisdiction).

In the present case, the Plaintiff invokes federal question jurisdiction.[7] Doc. # 4 (Amended Complaint, hereinafter "Complaint"),[8] "Jurisdictional Basis," p. 1. This Court has the duty to review Plaintiff's complaint "at the earliest opportunity" to determine whether there is in fact subject matter jurisdiction. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 107–08 (2d Cir.1997) (court may raise the issue of subject matter jurisdiction *sua sponte* at any time); *Univ. of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

Where there is a lack of subject matter jurisdiction, dismissal is mandatory. *See Manway Constr. Co. v. Housing Authority of Hartford,* 711 F.2d 501, 503 (2d Cir.1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte,* at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."); *see also Romanella v. Hayward,* 114 F.3d 15, 16 (2d Cir.1997) (affirming dismissal of negligence action due to lack of subject matter jurisdiction).

### 1. *Judicial Immunity*

Plaintiff seeks to invoke this Court's "federal question" jurisdiction by asserting a claim under 42 U.S.C. § 1983.[9] Plaintiff alleges that each of the thirteen named judges has violated his civil rights by acting "under color of law in his or her

---

between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1).

**7.** The Court notes that Plaintiff and many, if not all, of the named defendants are citizens of Connecticut, destroying any possibility of diversity jurisdiction. Plaintiff does not, however, invoke this Court's jurisdiction based on diversity of citizenship.

**8.** Throughout this opinion, the Court makes reference to Plaintiff's Amended Complaint (Doc. # 4), filed on 4/20/2010. The Court notes that Plaintiff filed a second Amended Complaint without filing the proper motion for leave to amend, pursuant to Fed.R.Civ.P. 15(a)(1)-(2) and Local Rule 7(f). This Amended Complaint was thus stricken from the Docket on April 28, 2010. The Court points out, however, that the text of the Second Amended Complaint (Doc. # 5), filed on 4/21/2010, is identical to that of the first Amended Complaint except that it (1) attempts to add another judge ("Former Judge Kevin E. Booth") as a defendant in the caption, (2) adds the words "punitive and real damages" in the Prayer for Relief (¶ 1) against

the judicial defendants; (3) re-designates the headings for "Legal Grounds" from paragraphs D and E to paragraphs C and D; and (4) re-attaches exhibits that were previously attached to his original Verified Complaint (Doc. # 2). The only change of note is thus the addition of Judge Booth in the caption. For reasons set forth *infra* at I.B.1. ("Judicial Immunity"), the addition of this judicial defendant would in no way alter the outcome of this Court's present ruling regarding Plaintiff's *in forma pauperis* motion or the dismissal of this entire action.

**9.** Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

42 U.S.C. § 1983.

capacity as a justices/judges [sic]." [10] Doc. # 4 (Amended Complaint), p. 2. In all of his stated "Legal Grounds" giving rise to the claims in his Complaint, he alleges that these judges acted improperly in carrying out their judicial duties.[11]

 Judges are immune from suit for exercising their judicial authority. *Bradley v. Fisher*, 80 U.S. 335, 13 Wall. 335, 347, 20 L.Ed. 646 (1872) ("The principle ... which exempts judges of courts of superior or general authority from liability in a civil action for acts done by them in the exercise of their judicial functions, obtains in all countries where there is any well ordered system of jurisprudence. It has been the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country"); *accord Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (judges enjoy absolute immunity from liability for acts that are judicial in nature); *Leslie v. Mortgage Electronic Registration Systems, Inc.*, No. 3:05–CV–1725 (AVC), 2006 WL 1980305, at *4 (D.Conn. July 12, 2006) (judicial immunity gives judge freedom "to act upon his own convictions without apprehension of personal consequences to himself"); *McCulley v. Chatigny*, 390 F.Supp.2d 126, 130 (D.Conn.2005) ("[f]ederal judges are ... absolutely immune from individual capacity claims for damages when those claims arise out of the conduct of their official judicial duties.").

Moreover, in the context of Section 1983 actions, the United States Supreme Court has clarified that, "[b]ased on the doctrine expressed in *Bradley v. Fisher*, [80 U.S. 335] 13 Wall. 335, 20 L.Ed. 646 (1872), this Court has consistently adhered to the rule that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (quoting *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734–

**10.** The Court notes that Plaintiff also includes in his "Jurisdictional Basis" an allegation that Judge Bryant is "now a federal judicial officer" and has violated the "federal constitution ... pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 [91 S.Ct. 1999, 29 L.Ed.2d 619] (1971)." Doc. # 4, p. 2 (¶ 3). All of Plaintiff's allegations regarding Judge Bryant, however, relate to actions she took as a state court judge and *Bivens* bars federal officials from constitutional deprivations that occur under color of federal law. Plaintiff's attempt to allege a *Bivens* action thus misses the mark and fails to state any viable claim.

**11.** The heading for these "Legal Grounds" is, "[J]udgments from the Hartford Probate, Trial and Appellate Courts was [sic] obtained by fraud which violated his rights." Doc. # 4 (Amended Complaint), p. 6. Plaintiff has alleged the following "grounds": "[t]he Probate Court improperly found that the Principal had complied with all of his fiduciary obligations in accordance with law;" "Former Presiding Judge Bryant knowingly and willfully made a combination of acts, omissions and biased rulings to justify fraud;" "Judge Tanzer's deception to illegally overturn Judge Hennessey's decision by misrepresented facts and law that were apparent in the record, caused the appellant to lose his right to maintain his right of action and for the jury decision;" "[t]he Appellate Panel of Bishop, Harper and Foti ... misrepresented facts and law in the opinion of December 11, 2007, by ruling 'In April 2004 the plaintiff commenced this pro se action against Boce W. Barlow Jr. and Paul Lewis alleging breach of fiduciary duty in capacity as executors of the estate of the plaintiff's grandfather's grandfather, Quitman Butler;' " and "[t]he justice's [sic] [on the Appellate Panel] knowledge of facts and intention to commit fraud is manifested by the intended omission of three key Connecticut statutes from the opinion." *Id.*, pp. 6–8, 12, 14.

735, 100 S.Ct. 1967, 1976, 64 L.Ed.2d 641 (1980) and citing *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) and *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). *See also Tucker v. Outwater*, 118 F.3d 930, 932–33 (2d Cir.), *cert. denied*, 522 U.S. 997, 118 S.Ct. 562, 139 L.Ed.2d 402 (1997) (Section 1983 suits against judges acting within purview of judicial duties barred by absolute judicial immunity).

 Judicial immunity is designed to protect "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester*, 484 U.S. at 225, 108 S.Ct. 538.[12] Judicial immunity recognizes that judges may make mistakes, and immunity is not removed even if a judge's actions include grave procedural errors. *Stump*, 435 U.S. at 359, 98 S.Ct. 1099 ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Gross v. Rell*, 485 F.Supp.2d 72, 76 (D.Conn.2007); *King v. Rell*, No. 3:06–cv–1703(VLB), 2008 WL 793207, at *4 (D.Conn. March 24, 2008).

 Judicial immunity is also not pierced by allegations of bad faith or malice. *Bradley*, 80 U.S. at 347 ("Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed."); *Mireles*, 502 U.S. at 11, 112 S.Ct. 286 ("judicial immunity is not overcome by allegations of bad faith or malice"); *Harlow v. Fitzgerald*, 457 U.S. 800, 815–819, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (bare allegations of malice are insufficient to overcome immunity); *Stump*, 435 U.S. at 355–56, 98 S.Ct. 1099 ("judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are … alleged to have been done maliciously or corruptly"); *Pierson*, 386 U.S. at 554, 87 S.Ct. 1213 ("immunity applies even when the judge is accused of acting maliciously and corruptly."); *King*, 2008 WL 793207, at *4 ("absolute judicial immunity is not pierced by allegations of bad faith or malice"); *McCulley*, 390 F.Supp.2d at 130 ("[i]f judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error … or was in excess of his authority") (citing *Mireles*, 502 U.S. at 13, 112 S.Ct. 286). Furthermore, allegations of conspiracy do not defeat judicial immunity. *Leslie*, 2006 WL 1980305, at *4; *see also Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir.1987).

 The classification of a judge's actions as judicial or nonjudicial is a question of law for the court. *Leslie*, 2006 WL 1980305, at *4. *See also Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir.1990). As Judge Covello explained in *Leslie*, "[a]n act is judicial if 'it is a function normally performed by a judge, and … the parties … dealt with the judge in a judicial capaci-

---

**12.** As the United States Supreme Court explained in *Forrester*:

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

484 U.S. at 226–27, 108 S.Ct. 538.

ty.' "[13] 2006 WL 1980305, at *4 (citing *Mireles,* 502 U.S. at 12, 112 S.Ct. 286). The "relevant inquiry is thus the 'nature' and 'function' of the act, not the 'act itself.' " *Id.* (quoting *Mireles,* 502 U.S. at 13, 112 S.Ct. 286).

 In the present case, this Court has no difficulty finding that Plaintiff's claims all refer to "judicial actions," i.e., actions taken by judges in their official capacities and performed in the normal course of their duties. Plaintiff himself stated in his Complaint that the defendants violated his civil rights by acting "under color of law in his or her capacity as a justices/judges [sic]." Doc. # 4, p. 2. Nowhere in the Complaint does Plaintiff allege he interacted with any of the named judges outside of a judicial context. Moreover, all of his allegations relate to actions by judges in the performance of their judi-

cial duties, particularly in making findings of fact and law and rendering rulings.

 Furthermore, Plaintiff's bare allegations of bias and fraud do nothing to pierce the immunity afforded to the judicial defendants. Where each of Plaintiff's claims against these judges "seeks monetary relief[14] against a defendant who is immune from such relief," the claims must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).[15]

### 2. *Rooker–Feldman Doctrine*

 Furthermore, to the extent that Plaintiff challenges the validity of state court judgments, his claims fails under the *Rooker–Feldman* doctrine.[16] *Moccio v. N.Y. State Office of Court Admin.,* 95 F.3d 195, 198–99 (2d Cir.1996) ("[i]f the precise claims raised in a state court proceeding are raised in the subsequent federal proceeding, *Rooker–Feldman* plainly

**13.** The only circumstances under which a judge is not immune are when the judge takes a nonjudicial action, i.e., an action not within his or her judicial capacity, *Forrester,* 484 U.S. at 227–229, 108 S.Ct. 538, *Stump,* 435 U.S. at 360, 98 S.Ct. 1099; or when the action is taken in the complete absence of all jurisdiction, *Stump,* 435 U.S. at 356–357, 98 S.Ct. 1099; *Bradley,* 80 U.S. 335, 13 Wall. at 351–52. Neither scenario is present in this case. Plaintiff has admitted that the actions taken were within the defendants' judicial capacity. Moreover, he makes no claim that any of the judges lacked jurisdiction over the matters they decided.

**14.** Plaintiff explicitly requests "damages" from the judicial defendants in his "Prayer For Relief." Doc. # 4, p. 19–20 (¶¶ 2, 3, and 6).

The Court notes that Plaintiff also requests injunctions against these judges. *Id.* (Prayer For Relief) (¶¶ 1, 4). In October 1996, Congress amended § 1983 to bar injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief

was unavailable." 42 U.S.C. § 1983; *see* "Federal Courts Improvement Act of 1996," P.L. 104–317, § 309, 110 Stat. 3847, 3853. *See also Conway v. Garvey,* 117 Fed.Appx. 792, 793 (2d Cir.2004); *Hodges v. Mangano,* 28 Fed.Appx. 75, 76–77 (2d Cir.2002); *Hili v. Sciarrotta,* 140 F.3d 210, 215 (2d Cir.1998). Plaintiff herein does not allege that any declaratory order was violated or that any declaratory relief was unavailable. Thus his request for an injunction also fails.

**15.** Alternatively, these claims are "frivolous," lacking "an arguable basis either in law or fact," and "fail to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**16.** In *Rooker v. Fidelity Trust Company,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the United States Supreme Court held that its jurisdiction to review final state court judgments under 28 U.S.C. § 1257 was exclusive. Therefore, lower federal courts cannot enter rulings that constitute appellate review of state court judgments.

will bar the action"); *see also Mitskovski v. Buffalo and Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 135–36 (2d Cir.2006) (acknowledging that *Rooker–Feldman* applies where plaintiff invites district court review and rejection of prior adverse state court judgments). Under *Rooker–Feldman*, a federal court may not review and reject "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

■ Plaintiff's allegations challenge the validity of state court decisions that went against him. Although Plaintiff's Complaint lacks specificity as to the facts or legal details of his claims, it is clear that Plaintiff is aggrieved by such state-court rulings as the following: Judge Killian's finding in Probate Court that Barlow had complied with all of his fiduciary duties as executor of the estate of Plaintiff's great-grandfather, Quitman Butler (hereinafter "Butler estate") (Doc. # 4, p. 8–11); Judge Bryant's actions as a Superior Court Judge in opening a default entered against defendants Travelers Casualty & Surety Co. (hereinafter "Travelers") and Lewis to allow them to plead in *Patterson v. Travelers Cas. & Surety Co.*, in Hartford Superior Court (Doc. No. CV 04–0833447) (*Id.*, p.

8); Judge Tanzer's judgment in the aforementioned case when she "overturned Judge Hennessey's decision" (to deny summary judgment for defendants) and "directed a verdict on issues and . . . rulings" (*Id.*, pp. 8–12); the Connecticut Appellate Court's "opinion of December 11, 2007," [17] in that it "misrepresented facts and law" (*Id.*, pp. 12–19); failure by the Justices of the Connecticut Supreme Court to overturn the Appellate Court's decisions, affirming dismissal of Plaintiff's claim (including failure by the Justices "to give the reasons for their numerous denials" and for "going against longstanding undisturbed legal standards") [18] (*Id.*, p. 14–19).

Since all of these rulings took place prior to Plaintiff's commencement of the instant action in this federal district court, this Court is barred by *Rooker–Feldman* from reviewing the validity of the state court judgments. Each claim against a state court judge "fails to state a claim upon which relief maybe granted" and must therefore be dismissed.[19] 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. *Claims Against Attorneys and Travelers*

Plaintiff's remaining claims in his Complaint are directed to three attorneys and Travelers. The attorneys include: Boce W. Barlow, Jr., and Paul Lewis, who acted as executors of the Butler estate;" [20] and

---

17. *See* Opinion of Connecticut Appellate Court in *Patterson v. Travelers Cas. & Surety Co.*, 104 Conn.App. 824, 936 A.2d 241 (Conn. App.2007) (affirming Judge Bryant's and Judge Tanzer's rulings prior to trial and at trial below).

18. *See, e.g.,* Order of Connecticut Supreme Court dated April 7, 2010, in *Patterson v. Travelers Casualty and Surety Company, et al.*, No. AC 27720 (dismissing Appellant's motion to open judgments).

19. These State Court Judges include: Connecticut Supreme Court Justices Chase T.

Rodgers, Fleming L. Norcott, Jr., Richard N. Palmer, Christine S. Vertefeuille, Peter T. Zarella, and C. Ian McLachlan; Connecticut Appellate Judges Joseph P. Flynn, Thomas A. Bishop, Lubbie Harper, and Paul M. Foti; Superior Court Judges Lois Tanzer and Vanessa L. Bryant (who is currently a U.S. District Judge); and Probate Judge Robert Killian, Jr.

20. The Court notes that Plaintiff has stated that Attorney Barlow "died on January 30, 2005." Doc. # 4, p. 5, para. 2. Where Barlow died before the commencement of Plaintiff's present suit, Plaintiff's action against him

Bradford R. Carver, the attorney who represented Travelers in the state lawsuits at issue. Plaintiff has sued Travelers as the surety on various probate bonds relating to the Butler estate.[21] As set forth below, none of Plaintiff's claims against the aforementioned defendants states a claim upon which relief may be granted. His claims must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[22]

### a. *Standard to State A Claim Under Section 1983*

■ In order to state a valid claim for relief under Section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test by alleging facts that demonstrate: (1) the defendant acted under color of state law and (2) the plaintiff was thereby deprived of a constitutionally or federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir.1986). The Court must review Plaintiff's claims against the defendant attorneys and Travelers to determine whether they set forth allegations that the defendants acted under color of state law. If so, the Court will determine whether the alleged facts demonstrate that Plaintiff was deprived of a constitutionally or federally protected right.

### b. *Attorneys Barlow and Lewis*

■ As stated *supra*, Plaintiff bases his claims against Attorneys Barlow and Lewis on Section 1983, which imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. His allegations, however, address their conduct as executors of the Butler estate. For example, Plaintiff claims that "Barlow failed to carry fire insurance in the name of the trust," failed to manage the estate for ten years from the time he became ill in 1981, and only filed one account on the estate in Probate Court in April 1992. Doc. # 4, p. 3. Similarly, Plaintiff alleges that Lewis acted fraudulently "as fiduciary without appointment, bond and never filed accounting to the Probate Court." *Id.* pp. 3, 7. None of these allegations relates to activity under the color of state law.

■ Plaintiff's claims against these attorneys fail to state valid § 1983 claims because Plaintiff fails to allege facts to demonstrate that either of the attorneys: (1) acted as a state official under the color of state law or (2) acted in concert with a state official.[23] *See, e.g., Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir.1995) ("To succeed on a claim for violation of civil

---

may be subject to dismissal. *See Moul v. Pace*, 261 F.Supp. 616, 618 (D.Md.1966) (Fed. R.Civ.P. 25(a)(1), permitting substitution of proper party upon death of a party, is not applicable to defendant who was dead at time suit was filed). A determination on this issue is not, however, required where none of the attorney defendants acted under "color of state law," as described in the text *infra*.

**21.** Upon information and belief, Travelers is an insurance company incorporated under the laws of the State of Connecticut and maintains its principal place of business at One Tower Square, Hartford, Connecticut 06183.

**22.** Lacking basis in fact or law, these claims may also be deemed "frivolous" and thus dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

**23.** The Court notes that Plaintiff broadly asserts that defendants have violated "certain protections guaranteed by the fourteenth [sic] Amendment." Doc. # 4, p. 1. He does not state with specificity how these "protections" were infringed. The Court need not, however, reach the issue of whether Plaintiff has alleged facts to demonstrate a deprivation of his constitutionally or federally protected rights where neither the attorneys nor Travelers acted under color of state law.

rights under 42 U.S.C. § 1983, plaintiffs must show that state officials, acting under color of state law, deprived plaintiffs of a right guaranteed them by the Constitution or laws of the United States"); *Fine v. City of New York,* 529 F.2d 70, 74 (2d Cir.1975) (private attorney's alleged participation in extortion of his client and his alleged failure to render proper legal services for which he had been paid were not actions "under color of state law," within purview of Section 1983).[24] *See also Tornheim v. Eason,* 175 Fed.Appx. 427, 429(2d Cir.2006) (unsupported allegations that exwife and her attorney conspired with judge in divorce action to deprive former husband of his rights were insufficient to state civil rights claim for state action under § 1983); *Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (noting that "being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge").

### c. *Attorney Carver and Travelers*

■ Similarly, Plaintiff's Section 1983 claims against Attorney Carver and Travelers fail. Plaintiff makes no specific allegations regarding Carver. However, since Carver was counsel for Travelers in the state-court actions at issue, the allegations against Travelers pertain by implication to his representation of Travelers in that litigation and may thus suggest professional misconduct. For example, Plaintiff alleges that Travelers "double-dealt for a frivolous decision on the issue of res judicata," "handed the appellant the trial brief that is clearly misleading of facts and law," "concealed their bad faith," and "aided the judges to issue frivolous rulings to kick the appellant out of court." Doc. # 4, p. 9. He further claims that "Travelers knowingly and intentionally made a false statement to the Supreme Court in their [sic] opposition to Certification." *Id.,* p. 12. None of these allegations, however, suggest in any way that Carver or Travelers acted under color of state law. At most, Plaintiff levies bare accusations that Carver and/or Travelers attempted to commit some measure of fraud upon the state courts. In alleging that these defendants tried to dupe the courts, Plaintiff contradicts any notion that they engaged in joint activity with the judges.

■ Furthermore, Carver and Travelers cannot be held liable under Section 1983 because one is a private individual and the other is a private entity with no authority to act under color of law.[25] *See, e.g., Spear v. Town of West Hartford,* 771 F.Supp. 521, 528–29 (D.Conn.1991), *aff'd,*

---

24. In *Fine,* the court noted that "the test of 'under color' of law is difficult to satisfy in the case of one other than a government official." 529 F.2d at 74 (citing *Jobson v. Henne,* 355 F.2d 129, 133 (2d Cir.1966); and *Powell v. Jarvis,* 460 F.2d 551, 553 (2d Cir.1972)). Therefore, "[w]hatever cause of action [the plaintiff] ... might have against his lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with jurisdiction over the subject matter." 529 F.2d at 74. Although plaintiff's attorney had no immunity to his § 1983 action, his actions did not satisfy the test for state action that must be met to impose liability under § 1983. *Id.*

*See cf. United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966) (private persons jointly engaged with state officials in prohibited action are acting 'under color' of law for purposes of the statute).

25. The Supreme Court defined "acting under color of state law" as the " '[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941).

954 F.2d 63, 68–69 (2d Cir.1992).[26] "Section 1983 does not provide a remedy for all constitutional injuries, but only for those caused by persons who either are state actors or are acting "under color of state law." " *Id.* at 529.[27] · Where Carver and Travelers were given no authority of state law and did not participate in any joint activity with the State or its agents, they cannot be held liable under Section 1983.

Construing the allegations in Plaintiff's Complaint in their most liberal manner, as mandated when a plaintiff is *pro se*,[28] Plaintiff's claims against the defendant attorneys and Travelers fail to set forth Section 1983 claims or any other violation of the "Constitution, law, or treaties of the United States," as required for the exercise of federal question jurisdiction. These claims are "frivolous" and "fail to state a claim upon which relief may be granted" under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Dismissal is thus mandatory.

## II. *CONCLUSION*

The Court is cognizant that, under these circumstances, it must proceed with caution and even leniency when considering whether to dismiss a *pro se* claim under Section 1915(e). However, there is no choice but to dismiss all claims in this action. First, the claims against the judges must be dismissed where these defendants have absolute judicial immunity. 28 U.S.C. § 1915(e)(2)(B)(iii). Moreover, these claims are barred by the *Rooker–Feldman* doctrine, which dictates that a district court lacks subject matter jurisdiction to review, reverse, or modify state court judgments. The claims are thus "frivolous"[29] in that they lack an arguable basis in law or fact and fail to state claims upon which relief may be granted. *Id.* (i)-(ii).

█ The Plaintiff's claims against the attorneys and Travelers are also frivolous, and/or at the very least fail to state claims upon which relief may be granted, in that none of these defendants acted under "color of state law." Where there is no diversity of citizenship and no colorable claim arising under federal law, this Court lacks subject matter jurisdiction over the entire action. The Court must dismiss Plaintiff's Complaint.

Accordingly, Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. # 1), pursuant to 28 U.S.C. § 1915, is DENIED as moot.[30] All claims contained in Plain-

**26.** In *Spear,* a women's center that allegedly conspired with the town to bring a RICO action against a newspaper publisher (whose editor wrote an editorial, harshly criticizing the local police department's attempts to disband an anti-abortion demonstration at the women's center), was a private entity with no authority to act under "color of law." The women's center was thus not liable under § 1983.

**27.** *See also Josey v. Filene's, Inc.,* 187 F.Supp.2d 9, 16–17 (D.Conn.2002) (no § 1983 liability imposed on store for private store security guards' detention of store patron where guards did not act under color of state law).

**28.** *Platsky v. C.I.A.,* 953 F.2d 26, 28 (2d Cir. 1991); *see also Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir.1998).

**29.** As Judge Garfinkel explained in *Burke,* 2008 WL 1883923, at *3, this Plaintiff should understand that " 'frivolous' is a statutory term, and is not intended to denigrate him or any wrong that he may have suffered. The federal courts, as noted, have limited jurisdiction, and every wrong that may occur does not necessarily result in a viable federal law suit."

**30.** "Moot," under these circumstances, means "[h]aving no practical significance" (Black's Law Dictionary (80th ed. 2004)) in that the Plaintiff's Complaint is not viable, obviating his need to proceed *in forma pauperis.*

tiff's Complaint are hereby DISMISSED as frivolous, failing to state claims upon which relief may be granted, and in the case of the judicial defendants, brought against defendants who have absolute immunity. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Since Plaintiff's Complaint lacks an arguable basis in fact and law, this case is **DISMISSED.** It is further certified that any appeal *in forma pauperis* from this Order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). The Clerk is instructed to close the file.

It is SO ORDERED.