[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 16, 1997
The plaintiff's motion to substitute the administratrix of the estate of Jenni P. Sanders for the late Jenni P. Sanders, deceased, is denied. The defendant's objection to the motion to substitute is sustained. CT Page 6968
Facts
On April 1, 1982, the Superior Court entered a judgment of dissolution in the above-referenced matter. The court's judgment in part provided:
 "Defendant shall transfer all his right, title and interest to 103 Monument Street, Groton, Connecticut to the plaintiff wife or her designee."
The plaintiff died on December 26, 1996, approximately fourteen years after the dissolution judgment.
During her lifetime, the plaintiff wife never enforced the terms of the judgment and the defendant husband never made the transfer.
The administratrix of the plaintiff's estate is now seeking an order substituting her for the plaintiff to allow her to seek enforcement of this dissolution judgment. The practical effect of the court's allowing the substitution would be to authorize the estate to litigate the question of its right to the transfer in the context of a motion for contempt. While this court makes no finding as to the truth of the allegation, it was clear at argument that the defendant claims that the plaintiff expressed during her lifetime a wish that the defendant not proceed with the transfer. The plaintiff is alleged to have expressed the desire that the premises stay in the defendant's name. Quite clearly, the truth or falsity of these assertions would be a major issue in any hearing on a motion for contempt.
Discussion
The administratrix relies heavily on the recent Superior Court decision in Dalton v. Dalton, FA95-126681 (judicial district of Waterbury, March 6, 1997 (Shortall, J.) in support of her motion to be substituted as plaintiff.
At the outset, the court notes that Judge Shortall's opinion appears to address a matter of first impression and relies on no other direct case law to support the result. Equally importantly, Judge Shortall was faced with a motion to substitute a personal representative for a deceased plaintiff for the purpose of enforcing pendente lite orders for the payment for certain medical expenses. Judge Shortall held: CT Page 6969
 "while the court agrees with the defendant's claim that the death of the plaintiff has ended the court's jurisdiction over the parties with regard to divorce, Litvaitis v. Litvaitis, 162 Conn. 540, 544 (1992), it does not follow the court has no authority to enforce the pretrial stipulation to which both parties agreed and which became orders of the court."
The order faced by Judge Shortall was clearly pendente lite, was in the nature of support, and would have been subject to modification if the plaintiff wife had survived. Judge Shortall did not face a final judgment.
In the instant case, the order to transfer, entered by the Honorable Angelo G. Santaniello in April of 1982, was clearly in the nature of a non-modifiable final property order.
The plaintiff relies principally on Connecticut General Statutes § 52-599(a), which states:
 "A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person."
This court has no reservation about the fact that Judge (now Justice) Santaniello's April 1982 Order continues for the benefit of the estate. Whether or not there was a novation or subsequent agreement which might affect the enforcement of that order is an issue between the parties but not an issue before this court at this time.
However, whatever the merits of Dalton when applied to a pendente lite order, this court sees no reason to litigate a fourteen year old final judgment in the context of a contempt hearing. It appears to the court that the plaintiff's cause of action includes the right to bring an independent action on the judgment, but not the right to have the administratrix substituted as a plaintiff in a dissolution action which terminated with the plaintiff's death.
The court further notes that the Appellate Court has ruled: CT Page 6970
 "There are certain categories of persons who are permitted to intervene in a dissolution action . . . the Attorney General is permitted to become a party under C.G.S. § 46b-55; any interested third party may intervene with regard to the custody of minor children under C.G.S. § 46b-57; parties having physical custody of a child may be made parties under C.G.S. § 46b-100; and any person may request visitation rights under C.G.S. § 46b-59." Livsey v. Livsey, 11 Conn. App. 43, 46 (1987).
It does not appear to the court that the administratrix of the plaintiff's estate, who is attempting to "intervene" for the purpose of bringing a motion for contempt, comes within any of the specified categories of persons who are permitted to intervene in a dissolution action, at least when as here, that dissolution action has resulted in a final judgment and been terminated by the death of the plaintiff.
For the foregoing reasons, the administratrix's motion to be substituted is denied. The objection to the motion to substitute is sustained.
Booth, J.