[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties' marriage was dissolved by judgment entered May 5, 1982 at which time the court found their separation agreement to be fair and equitable and ordered it incorporated by reference in the judgment. On September 19, 1997, the defendant died.
The plaintiff has filed several motions to reopen judgment, most recently on September 2, 1997 (computer #197). No hearing was ever commenced on any of the plaintiff's motions to reopen.
On June 1, 1998, the plaintiff filed a motion seeking to substitute the defendant's executor as a defendant in lieu of the deceased (#213).
On April 23, 1998, the defendant's attorneys filed a motion to dismiss. The issue raised poses the jurisdictional question: does this court, in this matter, have any subject matter jurisdiction after the death of one of the parties?
The defendant was a resident of Greenwich, Connecticut at the CT Page 1883 time of his death. The plaintiff's motion to substitute alleges that the Greenwich Probate Court has qualified the executor who is now acting as such fiduciary.
The plaintiff is obliged to follow the mandate set out in Conn. Gen. Stat. Chap. 802b, Part Vll "Claims against decedents' estates for decedents dying on or after October 1, 1987." In particular, Section 45a-353 (d):
"Claim" means all claims against a decedent (1) existing at the time of the decedent's death . . .
The court concludes that the plaintiff's remedy is found in the Probate Court proceeding.
This court also concludes that it has no jurisdiction over a claim against a former spouse who has died.
The motion to dismiss is granted.
HARRIGAN, J.