******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOSEPH FERRAIOLO *v.* JILL FERRAIOLO
(AC 36523)

Alvord, Keller and Bear, Js.

*Submitted on briefs February 13—officially released May 19, 2015*

(Appeal from Superior Court, judicial district of Ansonia-Milford, Malone, J.)

*William W. Cote* filed a brief for the appellant (plaintiff).

*Thomas S. Luby* filed a brief for the appellee

(intervenor).

*Opinion*

KELLER, J. The plaintiff, Joseph Ferraiolo, appeals from the judgment of the trial court denying his motion for order. In his motion, he requested that the court issue an order to the Probate Court mandating that it remove Susan Bennett, an intervening appellee in this case, as trustee of the testamentary trusts established through the will of the defendant, Jill Ferraiolo, and appoint him as the sole trustee of the trusts.[1] He claims that the court erred by (1) concluding that it lacked subject matter jurisdiction over his motion and (2) failing to address whether Bennett had standing to intervene to object to his motion, which he claims that Bennett lacked. We hold that the court did not err in concluding that it lacked subject matter jurisdiction, but it incorrectly denied the plaintiff's motion for order rather than dismissing it. Accordingly, we reverse the judgment of the trial court and remand the case with direction to render judgment dismissing the plaintiff's motion for order.

The following facts, as found by the court or as apparent in the record, and procedural history are relevant here. In October, 2007, the court rendered a judgment of dissolution of the parties' marriage, incorporating into the judgment a separation agreement executed by the parties. The agreement required both parties to maintain their existing life insurance policies. The life insurance policies were to name an irrevocable insurance trust, established by the parties for the benefit of their children, as the beneficiary of their respective policies, and both parties were to be the named trustees of the trust. The parties failed to create the life insurance trust at any time following the judgment of dissolution.[2]

In April, 2012, the defendant executed a will that created testamentary trusts, with the parties' children named as beneficiaries, that were to be funded, in part, by the proceeds of her life insurance policy. The will named Bennett as the executrix of the defendant's estate and the trustee of the trusts. The defendant died in December, 2012. In March, 2013, the defendant's will was submitted to the Probate Court, which appointed Bennett as the executrix of the defendant's estate and the trustee of the trusts.

In July, 2013, the plaintiff filed a motion for order requesting that the trial court order the Probate Court to remove Bennett as trustee of the testamentary trusts and to appoint him as the sole trustee of the trusts.[3] Bennett filed a motion to intervene and an objection to the plaintiff's motion. Subsequently, the trial court held proceedings on the plaintiff's motion for order in August, 2013.[4]

In January, 2014, the court issued a memorandum of decision denying the plaintiff's motion for order. The court began by noting that no party previously had filed

a motion to compel in regard to the creation of any trust contemplated by the judgment of dissolution or a motion for contempt in regard to noncompliance with the life insurance trust provision contained in the judgment. The court then concluded that it did not have jurisdiction to enforce the life insurance trust provision contained in the judgment. According to the court, dissolution actions are "personal to the parties in nature, and the death of a party terminates the matter." Therefore, because no motions to enforce the life insurance trust provision were pending before the court prior to the defendant's death and there was no finding of contempt on the part of the defendant, the court determined that it did not have jurisdiction to entertain the plaintiff's motion for order. This appeal followed.

Our resolution of the plaintiff's claim that the court erred in concluding that it lacked subject matter jurisdiction over his motion for order is dispositive here. We agree with the court's determination that it did not have subject matter jurisdiction over the plaintiff's motion, albeit on a different basis than the one relied on by the court.[5]

We begin by setting forth the relevant standard of review. "A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it . . . . If a court lacks subject matter jurisdiction to hear and determine cases of the general class to which the proceedings in question belong, it is axiomatic that a court also lacks the authority to enter orders pursuant to such proceedings. . . . We must determine whether the court had subject matter jurisdiction to entertain the plaintiff's [motion]. We are mindful that [a] court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it . . . . [W]here a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Jungnelius* v. *Jungnelius*, 133 Conn. App. 250, 253–54, 35 A.3d 359 (2012).

"It is fundamental that, generally, the legislature establishes the jurisdiction of the Superior Court. . . . Article fifth, § 1, of the constitution of Connecticut, as amended by article twenty, § 1, of the amendments, provides: 'The judicial power of the state shall be vested in a supreme court, an appellate court, a superior court, and such lower courts as the general assembly shall, from time to time, ordain and establish. The powers and jurisdiction of these courts shall be defined by law.' " (Citation omitted.) *Abele Tractor & Equipment*

*Co.* v. *Sono Stone & Gravel, LLC*, 151 Conn. App. 486, 492–93, 95 A.3d 1184 (2014).

Probate courts have jurisdiction to probate decedents' wills and settle their estates, which includes the authority to appoint and remove trustees of testamentary trusts. See General Statutes §§ 45a-242 and 45a-474. Pursuant to General Statutes § 45a-186 (a), "any person aggrieved by any order, denial or decree of a Probate Court in any matter, unless otherwise specially provided by law, may . . . appeal therefrom to the Superior Court." In addition, General Statutes § 45a-24 provides in relevant part: "All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud." Read together, these statutes establish that "[a] Probate Court decree is conclusive . . . until or unless the decree is disaffirmed on appeal. . . . [T]he decree of a court of probate, in a matter within its jurisdiction [which includes the authority to appoint or remove a trustee of a testamentary trust], is as conclusive upon the parties, as the judgment or decree of any other court; and the superior court as a court of equity, has no more power to correct, alter, or vary it, than it has to alter or vary the judgments of any other court in the state." (Citation omitted; internal quotation marks omitted.) *Silverstein* v. *Laschever*, 113 Conn. App. 404, 414, 970 A.2d 123 (2009). These enactments reveal the legislature's intent not to provide a trial court with subject matter jurisdiction over a probate court's order concerning the appointment of a trustee of a testamentary trust absent an appeal to the trial court taken from that order.

In his motion for order, the plaintiff sought to have the trial court compel the Probate Court to remove Bennett as the trustee of the defendant's testamentary trusts and to appoint him as the sole trustee. The plaintiff asserts that the trial court had subject matter jurisdiction to effectuate the judgment of dissolution and to ensure that "there is complete justice between the parties." A court, however, must have subject matter jurisdiction to entertain the claims presented to it. Section 45a-186 (a) sets forth a clear process for aggrieved persons to appeal from orders entered by a probate court, and § 45a-24 prevents persons from appearing before a trial court to contest a probate court's order without first filing an appeal from that order. The plaintiff did not file an appeal from the Probate Court's order appointing Bennett as the trustee of the trusts. Instead, the plaintiff initially sought relief from the trial court. The trial court, therefore, lacked subject matter jurisdiction to consider the plaintiff's motion for order, which if granted, would have resulted in an impermissible collateral attack on the Probate Court's order. See *Hotchkiss' Appeal*, 89 Conn. 420, 434, 95 A. 26 (1915)

(prohibiting collateral attack on probate court decree from which plaintiff did not appeal); *Shelton* v. *Hadlock*, 62 Conn. 143, 153, 25 A. 483 (1892) (same); *Patterson* v. *Travelers Casualty & Surety Co.*, 104 Conn. App. 824, 828, 936 A.2d 241 (2007) (same), cert. denied, 286 Conn. 920, 949 A.2d 481 (2008); cf. *Southport Congregational Church–United Church of Christ* v. *Hadley*, 152 Conn. App. 282, 296, 98 A.3d 99 (construing counterclaim as appeal from probate court), cert. granted on other grounds, 314 Conn. 933, 102 A.3d 84 (2014). For the foregoing reasons, the trial court did not have subject matter jurisdiction to entertain the plaintiff's motion for order.[6]

We note that the court denied, rather than dismissed, the plaintiff's motion for order on the basis of its lack of subject matter jurisdiction. "When a trial court mistakenly denies a motion instead of dismissing it for lack of subject matter jurisdiction, the proper remedy is to reverse the order denying the motion and remand the case with direction to dismiss the motion." *State* v. *Tabone*, 301 Conn. 708, 715, 23 A.3d 689 (2011).

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to render judgment dismissing the plaintiff's motion for order.

In this opinion the other judges concurred.

[1] The record indicates that the defendant died in December, 2012. Bennett, the defendant's sister, is the executrix of the defendant's estate and the trustee of the testamentary trusts established through the defendant's will. Bennett filed an appellate brief as a "defendant-appellee" with this court. We, sua sponte, subsequently granted Bennett intervenor status in this appeal.

[2] The plaintiff alleges that he submitted multiple drafts of a proposed trust to the defendant, who never signed any of the drafts. Bennett alleges that the defendant refused to sign the plaintiff's drafts because the drafts named him as the sole trustee of the proposed trust, which contravened the order set forth in the judgment of dissolution.

[3] The plaintiff did not seek to substitute Bennett as a party in her capacity as the executrix of the defendant's estate and did not seek to have the court direct any orders to her. In fact, he objected to Bennett's intervention on the ground that she lacked standing.

[4] The record does not indicate that the court expressly ruled on Bennett's motion to intervene, although the court permitted Bennett to appear and argue before it during the August, 2013 proceeding.

[5] In their appellate briefs, the plaintiff and Bennett briefly debate whether the defendant's death divested the court of subject matter jurisdiction over the plaintiff's motion. Numerous decisions of the family division of the Superior Court have held that one former spouse may not initiate postdissolution actions on the family docket once the other former spouse dies, and must instead file a separate action on the civil docket. See *Martineau* v. *Martineau*, Superior Court, judicial district of Windham, Docket No. FA-97-0055568-S (December 27, 1999) (26 Conn. L. Rptr. 550); *Shea* v. *Shea*, Superior Court, judicial district of Stamford-Norwalk, Docket No. FA-80-00499065-S (August 19, 1998) (22 Conn. L. Rptr. 690); *Abel* v. *Abel*, Superior Court, judicial district of New London, Docket No. FA-93-0524546-S (July 8, 1997); *Sanders* v. *Sanders*, Superior Court, judicial district of New London at Norwich, Docket No. 60787 (June 16, 1997) (19 Conn. L. Rptr. 619); cf. *Torla* v. *Torla*, 152 Conn. App. 241, 244–45, 101 A.3d 275 (2014) (noting that dissolution court permitted substitution of administrator in place of deceased defendant and transferred plaintiff's postdissolution motion to order, filed after defendant's death, from family docket to civil docket and ordered plaintiff to "recast" motion as civil complaint); *Berzins* v. *Berzins*, 122 Conn. App. 674, 678–80, 998 A.2d 1265 (2010) (noting that administrator

properly substituted into action that did not abate upon defendant's death), rev'd on other grounds, 306 Conn. 351, 51 A.3d 941 (2012). We do not reach the issue of whether the defendant's death divested the court of subject matter jurisdiction over the plaintiff's motion because we conclude that the court lacked subject matter jurisdiction over the plaintiff's motion on a different basis.

[6] The plaintiff also claims that the court failed to address whether Bennett had standing to intervene to object to his motion and, had it addressed that issue, to conclude that Bennett lacked the requisite standing. We need not reach those claims on the basis of our conclusion that the court did not have subject matter jurisdiction over his motion, which renders any error arising from those claims harmless.

—————————————————