Xiangyuan (Sue) ZHU, Plaintiff,

v.

COUNTRYWIDE REALTY COMPANY, INC., et al., Defendants.

Xiangyuan (Sue) Zhu and Ye Zhu, Plaintiffs,

v.

Countrywide Realty Company, Inc., et al., Defendants.

Nos. CIV.A. 00–2290–KHV, CIV.A. 01–2067–KHV.

United States District Court, D. Kansas.

June 28, 2001.

Xiangyuan Zhu, Topeka, KS, Pro se.

Thomas G. Lemon, Todd D. Powell, Fischer, Cavanaugh, Smith & Lemon, P.A., Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

*Pro se* Plaintiff, on behalf of her minor child, has filed Applications for Leave to File Action Without Payment of Fees, Costs, or Security in both consolidated cases (docs. 158 & 172) and has submitted her child's affidavit of financial status in support thereof. She seeks a waiver of the $150.00 filing fees, which has already been paid by the Plaintiff in both cases. Plaintiff also has filed in both cases, on behalf of her minor child, Applications for Appointment of Counsel in an Action for Discrimination in Housing Under Section 3613(b) of Title 42 (docs. 159 & 171).

■ Initially, the Court notes that a *pro se* plaintiff does not have the right to represent a minor child in federal court. *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir.1986). However, courts have implied an exception for certain limited motions, such as requesting appointment of counsel and *in forma pauperis* status. *See Collinsgru v. Palmyra Bd. of Educ.,* 161 F.3d 225, 231 (3rd Cir.1998); *Osei–Afriyie v. Medical College of Pa.,* 937 F.2d 876, 883 (3rd Cir.1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61–62 (2nd Cir.1990); *Heilenbach v. Consolidated School Dist. of 118,* No. 97–C–7519, 1998 WL 26164 (N.D.Ill. Jan.20, 1998). To

hold otherwise would effectively bar a minor *pro se* litigant from a means of obtaining counsel to represent their claims. Accordingly, the Court will take up *pro se* Plaintiff's Applications for Leave to File Action Without Payment of Fees, Costs, or Security and for Appointment of Counsel, filed on behalf of her minor child.

### Application for Leave to File Action Without Payment of Fees, Costs, or Security

28 U.S.C. § 1915(a) sets forth the circumstances under which an individual is allowed to bring proceedings *in forma pauperis.* That statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security therefor."

■ Proceeding *in forma pauperis* in a civil case "is a privilege, not a right—fundamental or otherwise." *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998), *cert. denied,* 526 U.S. 1008, 119 S.Ct. 1150, 143 L.Ed.2d 216 (1999). The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the trial court. *Cabrera v. Horgas,* No. 98–4231, 1999 WL 241783, at *1 (10th Cir. Apr.23, 1999), *cert. denied,* 531 U.S. 832, 121 S.Ct. 86, 148 L.Ed.2d 47 (2000). This is especially true in civil cases for damages wherein the courts should grant the privilege "sparingly." *Buggs v. Riverside Hosp.,* No. 97–1088–WEB, 1997 WL 321289, at *8 (D.Kan. Apr.9, 1997). In denying such applications, however, a court must not act arbitrarily or deny the application on erroneous grounds. *Id.*

■ In a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C.

§ 1915. *Heilenbach,* 1998 WL 26164 at *2; *Williams v. Spencer,* 455 F.Supp. 205, 208–209 (D.Md.1978); *Lee v. Wal–Mart Stores, Inc.,* No. 3:92–cv–465AS, 1993 WL 316756, *5 (N.D.Ind. Aug.18, 1993); *Bryant v. Whalen,* No. 88 C 4834, 1992 WL 198946, *5 (N.D.Ill. Aug.12, 1992); *Monti v. McKeon,* 600 F.Supp. 112, 114 (D.Conn.1984). In particular, courts have held that the financial resources of both the minor and the parent should be considered in determining the ability to pay the costs of litigation. *Bryant,* 1992 WL 198946 at *5 ("[i]t is appropriate to consider the resources of [the parent] in regards to her child's pauper status."); *Williams,* 455 F.Supp. at 209 ("[u]nder U.S.C. § 1915 where leave to proceed In forma pauperis is sought to vindicate the alleged substantive rights of a minor, the financial resources of both the minor and the volunteer parent, next friend, or guardian Ad litem should be considered in determining ability to pay the costs of litigation.").

The Court notes that Plaintiff only provided information on the financial status of her minor child and not herself in the Affidavit of Financial Status submitted along with these motions. Unless Plaintiff provides a financial affidavit reflecting her financial resources, the Court cannot determine whether Plaintiff's minor child can proceed *in forma pauperis.* The Plaintiff presumably has the financial ability to pay the fees and costs of litigation since she has already paid the $150.00 filing fee in both cases and since Plaintiff did not file her own Application for Leave to File Action Without Payment of Fees, Costs, or Security. Accordingly, *pro se* Plaintiff's Applications to Proceed *In Forma Pauperis* (docs. 158 & 172), filed on behalf of her minor child, are DENIED.

### Application for Appointment of Counsel

■ Plaintiff also has filed, on behalf of her minor child, Applications for Appoint-

ment of Counsel in an Action for Discrimination in Housing Under Section 3613(b) of Title 42 (docs. 159 & 171).

42 U.S.C. § 3613(b) provides for the appointment of attorney by the court:

> Upon application by a person alleging a discriminatory housing practice or a person against whom such a practice is alleged, the court may—(1) appoint an attorney for such person; or (2) authorize the commencement or continuation of a civil action under subsection (a) of this section without the payment of fees, costs, or security, if in the opinion of the court such person is financially unable to bear the costs of such action.

Although little case law exists on the appointment of an attorney by the court under 42 U.S.C. § 3613(b), the similar nature of the underlying legal actions and the similar statutory language permitting the appointment of an attorney, the Court finds case law on the appointment of an attorney under 42 U.S.C. § 2000e–5 to be instructive on applying the provisions of 42 U.S.C. § 3613(b).

Before counsel may be appointed under 42 U.S.C. § 2000e–5, the plaintiff requesting the appointment of counsel must make "affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination." *Castner v. Colorado Springs Cablevision,* 979 F.2d 1417, 1421 (10th Cir.1992).

The Court previously denied Plaintiff's Application for Appointment of Counsel in an Action for Discrimination in Housing on September 27, 2000 (doc. 10) based upon her failure to make an affirmative showing of her financial inability to pay for counsel. As Plaintiff could not make an affirmative showing of financial inability to pay for counsel in her own Application for Appointment of Counsel, Plaintiff's minor child's Application for Appointment of Counsel should be denied for the same

reason. As Plaintiff has not provided an Affidavit of Financial Status which reflects the financial income and resources of both Plaintiff and her minor child, Plaintiff's minor child's Applications for Appointment of Counsel (docs. 159 & 171) are hereby DENIED.

For the foregoing reasons, *pro se* Plaintiff's Applications to Proceed *In Forma Pauperis* (docs. 158 & 172) and Appointment of Counsel in an Action for Discrimination in Housing (docs. 159 & 171), filed on behalf of her minor child, are hereby DENIED.

IT IS SO ORDERED.