**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1223
_____

PHILIBERT F. KONGTCHEU,
on his own behalf and on behalf of minor children JK and PK

v.

RICHARD E. CONSTABLE, III, in his official capacity as Commissioner
of the New Jersey Department of Community Affairs; THE NEW JERSEY
DEPARTMENT OF COMMUNITY AFFAIRS (DCA)

Philibert F. Kongtcheu,
                                                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 2-12-cv-06872)
District Judge:  Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2016
Before:  AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 21, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Philibert F. Kongtcheu filed a pro se lawsuit against the New Jersey Department of Community Affairs ("NJDCA") and its then-commissioner, Richard E. Constable III, in his official capacity (collectively, "Defendants"). The District Court granted Defendants' motion to dismiss, and Kongtcheu appealed. We will affirm.

I.

According to Kongtcheu, in July 2011, he was discharged from a hospital in Hoboken to a nearby nursing home in Secaucus, due to lower-extremity paralysis caused by Post-polio Syndrome.[1] Shortly thereafter, NJDCA granted Kongtcheu's request for Section 8 voucher assistance so that he could afford to transition from the nursing home to a community setting. But the transition stalled because Defendants, among other things, (1) reduced the voucher's bedroom allowance, (2) failed to adequately respond to requests for information about utility allowances, potentially available rental units, and the Section 8 Homeownership Program, (3) rejected Kongtcheu's requests to either modify or deem him exempt from the rental voucher's price cap, and (4) failed to negotiate rents with prospective landlords. Despite these obstacles, as of March 17, 2014, Kongtcheu had left the nursing home.[2]

---

[1] We accept as true all plausible allegations of fact in Kongtcheu's operative pleading: his second amended complaint, filed on December 29, 2014. See Baldwin v. Univ. of Pittsburgh Med. Ctr., 636 F.3d 69, 73-74 (3d Cir. 2011).

[2] The address Kongtcheu used both when he filed the operative pleading and for this appeal appears to be that of an apartment in Cambridge, Massachusetts. See http://www.voxcambridge.com/. Kongtcheu stated in a letter to the Magistrate Judge that

2

Kongtcheu's suit claimed that Defendants' conduct not only thwarted his ability to obtain suitable housing, but violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 701, et seq., the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3601, et seq., the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001, et seq., the Fourteenth Amendment, and the Olmstead integration mandate.[3] Claims for "reckless endangerment" and "emotional distress" under New Jersey tort law were also raised. Kongtcheu's pleading requested both damages and equitable relief.

Kongtcheu attempted to serve Defendants with process using a number of methods, including facsimile (see ECF No. 10), email (see ECF No. 30-1), regular mail (see ECF No. 10), and certified regular mail (see ECF No. 15). Since none of those methods was prescribed by the Federal Rules of Civil Procedure for service in Kongtcheu's case, his multiple applications for entry of default were denied. See ECF No. 14 and Clerk's Quality Control Messages. A Magistrate Judge also denied, without prejudice, Kongtcheu's motion for appointment of pro bono counsel. See ECF No. 27.

---

he had been "in Massachusetts since the end of March 2014," ECF No. 23, and averred in an application for entry of default that his monthly rent was $2,900. See ECF No. 34-1.

[3] See Olmstead v. L.C., 527 U.S. 581, 587 (1999) (holding that, in certain situations, the ADA requires "placement of persons with mental disabilities in community settings rather than in institutions."); see also Helen L. v. DiDario, 46 F.3d 325, 327 (3d Cir. 1995) (DPW violated the ADA when it required a paraplegic plaintiff to receive services in a nursing home rather than in her own home through DPW's attendant-care program).

The Magistrate Judge determined that the factors we identified as pertinent in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), on balance did not favor granting Kongtcheu's motion.

Thereafter, Defendants filed a joint motion to dismiss the second amended complaint under Fed. R. Civ. P. 12(b), which the District Court granted. The District Court determined that Defendants were immune from suit for damages, under the Eleventh Amendment. See ECF No. 39, pp. 8-9. The District Court also determined that, while Kongtcheu's requests for declaratory and injunctive relief against Constable were not barred by the Eleventh Amendment, pursuant to Ex Parte Young, 209 U.S. 123 (1908), Kongtcheu nevertheless failed to state a viable federal claim through which he could obtain those remedies. See ECF No. 39, pp. 9-16. In addition to dismissing Kongtcheu's federal claims, the District Court determined that it "lacks jurisdiction" over any of Kongtcheu's state law claims. ECF No. 39, p. 16 (citing 28 U.S.C. § 1367(c)).[4]

The District Court dismissed all claims with prejudice except for Kongtcheu's claim under the FHAA against Constable, which was dismissed without prejudice. See ECF No. 40. The District Court's January 20, 2016 order of dismissal permitted Kongtcheu 30 days to cure defects in the FHAA claim through a pleading amendment. He appealed, see ECF No. 41, and did not file an amended complaint.

II.

---

[4] Dismissal under § 1367(c) is discretionary, not mandatory. See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). Kongtcheu does not challenge in his opening appellate brief the District Court's handling of his state law claims.

4

The District Court's January 20, 2016 order appeared not to finally resolve all claims as to all parties, so the Clerk of this Court gave notice that the appeal was susceptible to dismissal for lack of appellate jurisdiction. Cf. Borelli v. Reading, 532 F.2d 950, 951-952 (3d Cir. 1976) (order dismissing a complaint without prejudice is neither final nor appealable, unless the plaintiff cannot amend or declares his intention to stand on his complaint). Kongtcheu responded to the Clerk's notice: "I stand on the complaint." Kongtcheu's response, coupled with his decision to let expire the District Court's deadline for amendment, is sufficient to confirm the finality of the proceedings below and permit our exercise of appellate jurisdiction under 28 U.S.C. § 1291. See Frederico v. Home Depot, 507 F.3d 188, 192 (3d Cir. 2007); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

III.

We review for abuse of discretion district court orders declining to enter default, cf. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 886 (9th Cir. 2001), and denying motions to appoint counsel, see Tabron, 6 F.3d at 157-58. We review de novo a district court's decision to grant a motion to dismiss pursuant to either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). Free Speech Coal., Inc. v. Att'y Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012). We may affirm the District Court's judgment on any basis that the record supports. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  When reviewing disposition of a motion to dismiss, we "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).

IV.

Kongtcheu's arguments on appeal are undeveloped, perhaps even to the point of waiver.  See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing . . . are considered waived.").  In any event, we find his arguments unavailing; we address the primary ones below.

First, we reject Kongtcheu's argument that the District Court should have entered default against Defendants.  The applications for default all were appropriately denied because Kongtcheu's efforts at service did not comply with the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 4(e), (j)(2); see also N.J. Ct. Rule 4:4-3.  Kongtcheu is correct that, where the plaintiff is indigent, a district court should order service to be made by a United States marshal, see Fed. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).  However, the failure of the District Court to facilitate service in this case is not a failure attributable to Defendants, neither of whom was properly served at any of the times Kongtcheu applied for entry of default. We therefore find no abuse of discretion in the District Court's decision to allow Defendants to respond to Kongtcheu's complaint.

6

Second, we find no abuse of discretion in the District Court's October 17, 2014 decision to deny Kongtcheu's motion for appointment of counsel without prejudice, though we caution the District Court in the future to more carefully consider whether there is a "limited supply of competent lawyers willing to do pro bono work" outside the context of prisoner civil rights litigation. Cf. Tabron, 6 F.3d at 157. We acknowledge Kongtcheu's point that the District Court did not assess his counsel motion under 42 U.S.C. § 3613(b)(1)—a provision of the Fair Housing Act stating that "[u]pon application by a person alleging a discriminatory housing practice . . . the court may appoint an attorney for such person." (emphasis added). Given Kongtcheu's IFP status, the District Court assessed the motion for counsel under 28 U.S.C. § 1915(e), using the non-exhaustive list of factors identified in Tabron. Kongtcheu fails to explain why the District Court would have reached a different conclusion had it assessed his motion under § 3613(b)(1), and no plausible explanation is otherwise apparent. See Zhu v. Countrywide Realty Co., 148 F. Supp. 2d 1154, 1157 (D. Kan. 2001) (finding standard for appointing counsel under 42 U.S.C. § 2000e-5(f)(1) instructive in applying § 3613(b)(1)); see also Ficken v. Alvarez, 146 F.3d 978, 979-80 (D.C. Cir. 1998) (enumerating test to apply in ruling on a motion for counsel under § 2000e-5(f)(1)).

Finally, although we question aspects of the District Court's Eleventh Amendment analysis, see United States v. Georgia, 546 U.S. 151, 159 (2006); see also Koslow v. Pennsylvania, 302 F.3d 161, 171 (3d Cir. 2002) (holding that "if a state accepts federal funds for a specific department or agency, it voluntarily waives sovereign immunity for

7

Rehabilitation Act claims against the department or agency.")[5], we ultimately agree that Kongtcheu failed to plausibly plead a viable federal claim, for the reasons outlined in the District Court's opinion. In particular, and despite the fact that the District Court permitted Kongtcheu multiple opportunities to amend his complaint to clarify his allegations, he failed to plausibly allege that any misconduct by Defendants was due to Kongtcheu's disability rather than his ineligibility for various programs and program-requirement exemptions. We thus conclude that Kongtcheu's requests for injunctive and declaratory relief—the availability of each remedy dependent on the viability of an underlying claim—were rightly rejected.[6]

IV.

---

[5] NJDCA notes on its website that its housing voucher program is federally funded. See http://www.state.nj.us/dca/divisions/dhcr/offices/section8hcv.html.

[6] We agree with the District Court that Kongtcheu's request for true equitable relief against Constable individually was not, on its face, barred by the Eleventh Amendment. See NCAA v. Governor of N.J., 832 F.3d 389, 394 n.3 (3d Cir. 2016); see also MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania, 271 F.3d 491, 506 (3d Cir. 2001).

The District Court did not consider whether any request for equitable relief was nevertheless rendered moot when, according to Kongtcheu's allegations, he ceased residing at the subject nursing home in March 2014. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 700 (3d Cir. 1996). Other filings of record indicate that Kongtcheu has not even resided in New Jersey since late March of 2014. It thus appears that the District Court would not have been able to provide him with effective injunctive or declaratory relief. See O'Shea v. Littleton, 414 U.S. 488, 495-496 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse

8

Therefore, for the reasons stated above, we will affirm the judgment of the District Court.



---

effects."); <u>see also</u> <u>Rhodes v. Stewart</u>, 488 U.S. 1, 4 (1988) (per curiam).